**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

TEMISHA J.,

                Plaintiff,

    v.                                     1:21-CV-1178
                                              (DJS)

KILOLO KIJAKAZI, *Acting Commissioner
of Social Security*,

                Defendant.
_____

**APPEARANCES:**                            **OF COUNSEL:**

LAW OFFICES OF KENNETH HILLER, PLLC    JUSTIN GOLDSTEIN, ESQ.
Attorneys for Plaintiff                          KENNETH HILLER, ESQ.
6000 North Bailey Avenue
Suite 1A
Amherst, New York 14226

U.S. SOCIAL SECURITY ADMIN.            KATHRYN POLLACK, ESQ.
OFFICE OF REG'L GEN. COUNSEL
Attorney for Defendant
6401 Security Boulevard
Baltimore, Maryland 21235

**DANIEL J. STEWART**
**United States Magistrate Judge**

**MEMORANDUM-DECISION AND ORDER**[1]

      Plaintiff brought this action pursuant to 42 U.S.C. § 405(g), seeking review of a decision by the Commissioner of Social Security that Plaintiff was not disabled for

---

[1] Upon Plaintiff's consent, the United States' general consent, and in accordance with this District's General Order 18, this matter has been referred to the undersigned to exercise full jurisdiction pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. *See* Dkt. No. 5 & General Order 18.

purposes of supplemental security income. Dkt. No. 1. Currently before the Court are Plaintiff's Motion for Judgment on the Pleadings and Defendant's Motion for Judgment on the Pleadings. Dkt. Nos. 15 & 19. For the reasons set forth below, Plaintiff's Motion for Judgment on the Pleadings is granted and Defendant's Motion is denied. The Commissioner's decision is reversed and remanded for further proceedings.

## I. RELEVANT BACKGROUND

### A. Factual Background

Plaintiff was born in 1978. Dkt. No. 10, Admin. Tr. ("Tr."), p. 137. Plaintiff reported that she completed high school and received additional vocational training as a certified nursing assistant and personal care assistant. Tr. at p. 356. She has past work experience as a cashier, home health care aide, janitor, and telemarketer. Tr. at p. 356. Plaintiff alleges disability due to bulging discs, COPD, stomach ulcers, depression, eye surgery, headaches, arthritis, and bursitis. Tr. at p. 370.

### B. Procedural History

Plaintiff applied for supplemental security income in July 2018. Tr. at p. 164. She alleged a disability onset date of June 1, 2018. Tr. at p. 147. Plaintiff's application was initially denied on November 1, 2018, after which she timely requested a hearing before an Administrative Law Judge ("ALJ"). Tr. at p. 213. Plaintiff appeared and testified at a hearing before ALJ David Neumann on August 22, 2019. Tr. at pp. 54-95. On October 9, 2019, the ALJ issued a written decision finding Plaintiff was not disabled under the Social Security Act. Tr. at pp. 168-180. Plaintiff sought review of the decision

by the Appeals Council, which remanded the case to the ALJ on July 10, 2020. Tr. at pp. 185-190.

Plaintiff appeared and testified before ALJ Neumann for a second time on February 10, 2021. Tr. at pp. 96-135. A medical expert and vocational expert also testified during this hearing. *Id.* The ALJ issued a subsequent written decision similarly finding Plaintiff not disabled on March 17, 2021. Tr. at pp. 15-33. On September 2, 2021, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. Tr. at pp. 1-5.

### C. The ALJ's Decision

In his decision, the ALJ made the following findings of fact and conclusions of law. First, the ALJ found that Plaintiff had not engaged in substantial gainful activity since July 9, 2018. Tr. at p. 17. Second, the ALJ found that Plaintiff had the following severe impairments: obesity, degenerative disc disease of the lumbar spine, arthritis of the knees and hips, trochanteric bursitis, sacroiliac dysfunction, "asthma/chronic obstructive pulmonary disorder versus emphysema," affective disorder, anxiety disorder, and personality disorder. Tr. at p. 18. Third, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. § 404, Subpart P, App. 1 (the "Listings"). Tr. at p. 19. Fourth, the ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. § 416.967(b) with the following additional limitations:

> she can lift, carry, push, and pull up to 25 pounds occasionally and 15 pounds frequently; can stand and walk for up to four hours total with normal breaks in an eight-hour workday; can sit for six hours total with normal breaks in an eight-hour workday; can frequently climb stairs; can occasionally stoop and crouch; cannot kneel or crawl; should avoid unprotected heights over four feet; should avoid climbing ropes, ladders, and scaffolds; should avoid concentrated pollutants and temperature extremes; and is limited to simple unskilled work activity, which would require only one-, two-, or three-step instructions with no more than occasional changes in work setting.

Tr. at p. 21.

Fifth, the ALJ found that Plaintiff could not perform any past relevant work. Tr. at p. 31. Sixth, the ALJ found that there were jobs existing in significant numbers in the national economy that Plaintiff could perform. Tr. at pp. 32-33. The ALJ, therefore, concluded that Plaintiff is not disabled. Tr. at p. 33.

## II. RELEVANT LEGAL STANDARDS

### A. Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. 42 U.S.C. § 405(g); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will be reversed only if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal

principles."); *accord Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983), *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).  "Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld.  *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992).  In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

## B. Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act.  20 C.F.R. §§ 404.1520, 416.920.  The Supreme Court has recognized the validity of this sequential evaluation process.  *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987).  The five-step process is as follows:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity.  If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities.  If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations.  If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity.  Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work.  Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform.  Under the cases previously discussed, the claimant bears the burden of the proof as to the first four steps, while the [Commissioner] must prove the final one.

*Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982); *accord McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014).  "If at any step a finding of disability or non-disability can be made, the SSA will not review the claim further."  *Barnhart v. Thompson,* 540 U.S. 20, 24 (2003).

## III. ANALYSIS

Plaintiff asserts a number of specific errors for the Court's review, which can be generally categorized as follows. First, Plaintiff asserts that the ALJ erred by failing to comply with the Appeals Council remand order. Dkt. No. 15, Pl.'s Mem. of Law at pp. 2-24. Second, Plaintiff asserts that the ALJ erred in the evaluation of medical opinions related to her physical abilities. Pl.'s Mem. of Law at pp. 24-30. Third, Plaintiff asserts that the ALJ's determination of her RFC was not supported by substantial evidence. Pl.'s Mem. of Law at p. 1. In response, Defendant asserts that the issues raised by Plaintiff were not conclusively addressed by the remand order and therefore the ALJ was permitted to reconsider them. Dkt. No. 19, Def.'s Mem. of Law at pp. 3-7. Defendant also asserts that the resulting decision was supported by substantial evidence and free from legal error. *Id.* at pp. 7-25.

The original ALJ decision in this case was issued on October 4, 2019. Tr. at pp. 168-180. In that decision, the ALJ identified personality disorder and generalized anxiety disorder as severe impairments but found that the impairments did not meet or medically equal a listing because Plaintiff had only moderate limitations in each of the four paragraph B criteria. Tr. at pp. 170-173. The Appeals Council vacated this decision and ordered remand, finding that the ALJ's evaluation of Plaintiff's mental residual functional capacity was not supported by substantial evidence. Tr. at p. 187. Specifically, the Appeals Council stated that

> The evaluation of the claimant's mental residual functional capacity is not consistent with the evaluation of the claimant's mental impairments under the "paragraph B" criteria of listings 12.06 and 12.08. Specifically, the Administrative Law Judge found that the claimant's mental impairments caused moderate limitations in interacting with others (Decision, page 6). The established residual functional capacity, however, does not contain any corresponding social limitations (Finding 4). The presence of "moderate" limitations in interacting with others indicates that the claimant would have functional limitations interacting with the public, supervisors, and/or coworkers in a work setting. Further consideration of the applicability of social limitations is necessary to address this inconsistency.

Tr. at p. 187.

On remand, the ALJ was ordered to

> Give further consideration to the claimant's maximum residual functional capacity and provide appropriate rationale with specific references to evidence of record in support of the assessed limitations (20 CFR 416.945 and Social Security Rulings 85-16 and 96-8p). In particular, the Administrative Law Judge will further consider the applicability of social limitations that may correspond with a moderate degree of limitation in interacting with others.
>
> In compliance with the above, the Administrative Law Judge will offer the claimant an opportunity for a hearing, take any further action needed to complete the administrative record and issue a new decision.

Tr. at pp. 187-188.

On remand, the ALJ again found that Plaintiff had severe mental impairments, this time identified as affective disorder, anxiety disorder, and personality disorder. Tr. at p. 18. However, instead of providing a more detailed analysis regarding the applicability of social limitations that may correspond with a moderate degree of limitation in interacting with others, the ALJ changed the opined limitation in this category to "mild." Tr. at p. 20. Plaintiff argues that in making this change, in addition

8

to several other unfavorable revisions, the ALJ failed to follow the mandate from the Appeals Council, which was the law of the case.  Pl.'s Mem. of Law at pp. 12-17.

"The law of the case doctrine, while not binding, counsels a court against revisiting its prior rulings in subsequent stages of the same case absent cogent and compelling reasons such as an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Dommes v. Colvin*, 225 F. Supp. 3d 113, 118 (N.D.N.Y. 2016) (quoting *Ali v. Mukasey*, 529 F.3d 478, 490 (2d Cir. 2008)).  In addition to this doctrine,

> [c]ourts within the Second Circuit have also consistently applied the so-called 'rule of mandate' in the Social Security context. The rule of mandate creates a more binding variant of the law of the case doctrine, requiring on remand that the administrative agency's actions must be consistent with both the letter *and the spirit of* the higher court's decision.

*Tammie S. v. Comm'r of Soc. Sec.*, 2022 WL 356754, at *5 (N.D.N.Y. Feb. 7, 2022) (quoting *Krawczyk v. Berryhill*, 2019 WL 244491, at *4 (W.D.N.Y. Jan. 17, 2019) (emphasis in original)).

The Social Security Administration regulations provide that, upon remand, an ALJ "shall take any action that is ordered by the Appeals Council and may take any additional action that is not inconsistent with the Appeals Council's remand order." 20 C.F.R. §§ 404.977(b), 416.1477(b).  As a result, "reviewing courts have found that failure to comply with the Appeals Council's remand order may be grounds for remand." *Dommes v. Colvin*, 225 F. Supp. 3d at 118 (citing cases).  After reviewing the record, the Court concludes that regardless of whether ALJ technically complied with the

express terms of the remand order, his actions were inconsistent with the spirit of the Appeals Council's decision for the following reasons.

First, while Defendant is correct that the Appeals Council directed the ALJ to "*consider* the applicability of social limitations that *may* correspond with a moderate degree of limitation interacting with others," Def.'s Mem. of Law at p. 4, the ALJ went much further than simply providing the explanation requested by the Appeals Council. Instead, the ALJ appears to have reweighed all of the evidence, including medical opinions which were part of the record in the first proceeding, to arrive at an RFC far less favorable to Plaintiff.

Turning to Plaintiff's mental health impairments, the 2019 decision identified personality disorder and generalized anxiety disorder as severe impairments but found that these impairments did not meet or medically equal a listing. Tr. at pp. 170-171. In his 2019 listings analysis, the ALJ found that Plaintiff had a moderate limitation in her ability to interact with others. Tr. at p. 173. Although the ALJ noted that Plaintiff "interacted appropriately at the hearing" and "examinations found a pleasant attitude and cooperative behavior," he ultimately determined that other evidence, including Plaintiff's own self-reports, supported moderate limitations in this area. Tr. at p. 173. The ALJ specifically referenced the opinion of consultative examiner Beth Halburian, Psy.D., which "opined the claimant had some limitations related to understanding, remembering, and applying directions and instructions." Tr. at p. 173. The decision also adopted the upper end of Dr. Halburian's opinion related to Plaintiff's ability to

understand, remember, and apply information, finding a moderate limitation in this category. *See* Tr. at pp. 172-173 (citing Tr. at p. 608). In support of this limitation, the ALJ referred to Dr. Halburian's examination findings which indicated Plaintiff had some impairment in recent and remote memory. Tr. at p. 173 (citing Tr. at p. 608). The ALJ found Dr. Halburian's opinion partially persuasive, stating that

> the opinions of Dr. Halburian, which include the claimant has mild to moderate limitations in her ability to understand, remember, or apply complex directions and instructions; moderate limitation in her ability to interact with others and to sustain concentration and perform a task at a consistent pace; moderate to marked evidence of limitation in her ability to regular emotions, control behavior, and maintain well-being; and no limitations in her ability to maintain personal hygiene and appropriate attire and in her awareness of normal hazards and taking appropriate precautions (Ex. 12F, 4-5). Dr. Halburian's opinions related to interacting with others and sustaining attention and concentration are consistent with the record. For example, examinations found a pleasant attitude and cooperative behavior (See, e.g., Ex. 8F, 5; Ex. 15F, 9). The claimant also reported not having problems paying attention (Ex. 6E, 8). In addition, Dr. Halburian's opinions are supportable, as objective findings support the conclusions. For example, upon examination, Dr. Halburian found some impaired attention and concentration (Ex. 12F, 3). However, the record does not support marked mental limitations. For example, the claimant had no psychiatric hospitalizations or therapy subsequent to the application date. Examinations also produced benign mental findings (See, e.g., Ex. 8F, 5, 10; Ex. 15F, 9; Ex. 20F, 7-8). Therefore, the undersigned finds the opinions partially persuasive.

Tr. at p. 177.

In contrast, the ALJ's 2021 decision, issued following the Appeals Council remand, found that Plaintiff had only mild limitations in these categories. Tr. at p. 20. Regarding Plaintiff's ability to understand, remember, or apply information, the ALJ stated that

> [d]espite the claimant's allegations of some cognitive problems or medication side effects, she has not reported such side effects to her providers, her mental health care has been sporadic and conservative, and her mental status findings have been substantially within normal limits **aside from anomalous observations by a consultative examiner.**

Tr. at p. 20 (emphasis added).

The ALJ does not offer any explanation as to why Dr. Halburian's opined limitation and findings on this issue, which were previously endorsed by the ALJ, were now found to be "anomalous." Similarly, the 2021 decision finds only a mild limitation in Plaintiff's ability to interact with others. Tr. at p. 20. The ALJ's analysis on this issue was as follows:

> In interacting with others, the claimant has a mild limitation. The claimant has alleged social isolation and withdrawal but has had only conservative management of mental health complaint [sic] with consistently unremarkable mental status findings regarding cooperation, manner of relating, speech, behavior, and eye contact.

Tr. at p. 20.

The analysis does not clarify why Plaintiff's self-reports regarding social isolation and withdrawal, which were previously credited, were now found to be less persuasive just two years later. *Compare* Tr. at p. 173 *with* Tr. at p. 20. Nor is there any explanation as to why the 2021 decision went on to find the same opinion from consultative examiner Dr. Halburian "poorly persuasive" rather than "partially persuasive" because it was "based substantially upon uncorroborated subjective complaints from the claimant." *Compare* Tr. at pp. 29-30 *with* Tr. at p. 177. The 2021 decision also faulted Dr. Halburian's "cursory assessment" of Plaintiff, Tr. at p. 30,

whereas the 2019 decision evaluating the same opinion found that "Dr. Halburian's opinions are supportable, as objective findings support the conclusion." Tr. at p. 177.

The 2021 decision essentially treated Dr. Halburian's opinion as though it were being reviewed for the first time rather than in the context of a limited remand order. Other courts have found reversible error in similar circumstances. *See Jeremy B. v. Comm'r of Soc. Sec.*, 2019 WL 3297471, at *8 (D. Vt. July 23, 2019). Moreover, it does not appear that this reevaluation can be explained by the addition of new medical evidence persuasively demonstrating lesser impairment. To the contrary, the record in 2021 contained months of additional treatment notes from Sabira Ghauri, M.D., Plaintiff's treating psychiatrist, as well as a medical opinion from Dr. Ghauri which appears to be largely consistent with that of Dr. Halburian. *See* Tr. at pp. 728-746 & 758-760. Dr. Ghauri's opinion was also found "poorly persuasive" based at least in part upon Dr. Ghauri's reliance on Plaintiff's subjective complaints. Tr. at pp. 30 & 758-760. To that end, the Court notes that "the Second Circuit has held that a doctor's reliance on subjective complaints does not necessarily undermine his opinion of the claimant's functional limitations. That is particularly true in the case of mental health impairments." *Leanne S. v. Comm'r of Soc. Sec.*, 2022 WL 4448245, at *21 (N.D.N.Y. Sept. 23, 2022) (internal quotations, citations, and alterations omitted). This analysis therefore raises concerns about whether the decision is consistent with both the letter and the spirit of the Appeals Council remand order.

Similar issues are noted with respect to the evaluation of Plaintiff's physical RFC, which was revised to reflect increased physical abilities. The 2019 decision found that Plaintiff was capable of only sedentary work with additional restrictions, while the 2021 RFC was noticeably less favorable to Plaintiff and found that she was now capable of light work. *Compare* Tr. at p. 174 *with* Tr. at p. 21. Again, this analysis appears to be substantially based upon a reevaluation of previous medical opinions rather than on any new evidence demonstrating significant improvement in Plaintiff's symptoms. For example, the 2019 RFC found Plaintiff that Plaintiff was restricted to lifting or carrying five pounds frequently and ten pounds occasionally. Tr. at p. 174. The ALJ explained that he was "persuaded that the evidence shows the claimant has greater limitations than as determined by the state agency consultants. For example, with respect to the physical, Dr. Hasan opined the claimant is limited to lifting no more than 10 pounds." Tr. at p. 178. It was also noted that this opinion corroborated Plaintiff's hearing testimony in which she described experiencing significant difficulty with lifting. Tr. at p. 178.

In contrast, the 2021 RFC assessment found that Plaintiff could lift or carry up to fifteen pounds frequently and twenty-five pounds occasionally. Tr. at p. 21. This finding was based upon the "generally persuasive" opinions from the same state agency medical consultants whose opinions were previously discounted on this very issue. *Compare* Tr. at pp. 27-28 with Tr. at p. 178. These inconsistencies, which were not addressed or reconciled in the analysis, raise concerns about whether the resulting RFC was supported by substantial evidence. *See Pamela P. v. Saul*, 2020 WL 2561106, at

*5 (N.D.N.Y. May 20, 2020) (quoting *Puckett v. Berryhill*, 2018 WL 6625095, at *9 (S.D.N.Y. July 13, 2018) (noting that an ALJ is required to detail his analysis "with sufficient specificity to enable the reviewing court to decide whether the determination is supported by substantial evidence."). While the Court notes that the ALJ "found most persuasive the functional assessment of impartial medical expert Richard Jaslow, M.D.," Tr. at p. 27, Dr. Jaslow's opinion alone does not provide assurance that the RFC was supported by substantial evidence. Dr. Jaslow may have "benefitted from review of a complete medical record," Tr. at p. 28, but he did not personally examine Plaintiff, and his opinion does not provide any reconciliation for the ALJ's inconsistent evaluations of the other medical opinions in the record.

## IV. CONCLUSION

**ACCORDINGLY**, it is

**ORDERED**, that Plaintiff's Motion for Judgment on the Pleadings is **GRANTED**; and it is further

**ORDERED**, that Defendant's Motion for Judgment on the Pleadings is **DENIED**; and it is further

**ORDERED**, that Defendant's decision denying Plaintiff disability benefits is **REMANDED pursuant to sentence four** for further proceedings; and it is further

**ORDERED,** that the Clerk of the Court shall serve copies of this Memorandum-Decision and Order on the parties.

Dated: March 29, 2023
    Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge